**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 19-cv-2149**

| | |
|---|---|
| Kevin Pone,<br><br>　　　　　Plaintiff,<br>v.<br><br>Messerli & Kramer P.A. and Capital One Bank USA, N.A.,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Messerli & Kramer P.A. (hereinafter "Defendant M&K") and Capital One Bank USA, N.A (hereinafter "Defendant Capital One") (collectively hereinafter "Defendants") violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq,* and violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1681, 15 U.S.C. §1692k, 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for Plaintiff's pendent common law claims of invasion of privacy, abuse of process, credit defamation and negligence against Defendants.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, Plaintiff resides in this District, and Defendants transact substantial business in this District.

## **PARTIES**

4. Plaintiff, Kevin Pone (hereinafter "Plaintiff"), is a natural person who resides in the city of St. Cloud, county of Stearns, state of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Messerli is a law firm headquartered in the State of Minnesota from an address of 1400 South Fifth Street, 100 South Fifth Street, Minneapolis, Minnesota 55415.  Defendant Messerli also does business from the address 3033 Campus Drive, Suite 250, Plymouth, Minnesota 55441.  At all times herein relevant, Defendant Messerli regularly attempted to collect consumer debts alleged to be due another.  Defendant Messerli is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant Capital One USA, N.A. is a federally-chartered bank organized under the laws of the United States of America. Defendant Capital One's principal place of business is located at 1680 Capital One Drive, McLean, VA  22102. Defendant Capital One is authorized to conduct business in the state of Minnesota and regularly does conduct business in said State. Defendant Capital One's registered agent for service of process in the state of Virginia is Corporation Service Company, 100 Shockoe Slip, Fl. 2, Richmond, VA  23219. Defendant Capital One is a "person" as defined in 15 U.S.C. § 1681a(b); and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

## **FACTUAL ALLEGATIONS**

7. Plaintiff suffers from various forms of mental illness, including but not limited to anxiety, bi-polar disorder, and depression and is under the care of a medical professional – Dr. Anthony Piccannato.

8. Someone unknown to him opened two credit card accounts with Defendant Capital One.

9. One account ended in 7170, opened on 1/24/11, and the other account ended in 9399 and was opened on 4/5/11.

10. Both accounts were fraudulent opened by someone other than Plaintiff.

11. Plaintiff was the victim of identity theft as recognized by Defendant Capital One related to the two accounts identified herein.

12. In 2013 Defendant Capital One hired Defendant M&K to file suit to collect on the two unpaid fraudulent accounts.

13. Defendant M&K opened two internal files to these two Capital One accounts bearing M&K file numbers 12-257647 and 12-256137.

14. Defendants obtained a default judgment against Plaintiff in Hennepin County in Court cases 27-cv-13-15383 on August 22, 2013 related to the Capital One account ending 9399.

15. Subsequent to August 22, 2013 public records vendor(s) harvested the judgment information and communicated it to the national credit reporting agencies (Trans Union, Experian and Equifax) who in turn began to publish this highly derogatory

and erroneous information on Plaintiff's credit reports to his current and prospective creditors.

16. At the same time Defendant Capital One was also reporting the account tradelines on a monthly basis to the national credit reporting agencies as charged off debts which negatively impacted Plaintiff's credit profile and score.

17. Subsequent to August 22, 2013 Defendants learned and realized that the two Capital One accounts were fraudulently opened and did not belong to Plaintiff.

18. However, Defendant M&K has now admitted to the Minnesota Attorney General that the two fraudulent accounts (bearing M&K file numbers 12-257647 and 12-256137) were closed in its office on March 27, 2015 before it took any corrective action to vacate the erroneous Hennepin County judgment against Plaintiff.

19. Upon information and belief, Defendant Capital One instructed Defendant M&K to vacate the erroneous Hennepin County judgment against Plaintiff in 2016 but that request was ignored.

20. Defendant Capital One sent to Plaintiff a letter dated June 26, 2016 advising that the account ending in 7170 was determined to be opened fraudulently and promised that it would submit instructions to the national credit reporting agencies instructing them to delete the 7170 account from Plaintiff's file.

21. Defendant Capital One sent Plaintiff a letter dated July 12, 2016 advising that the account ending in 9399 was determined to be opened fraudulently and promised that it submitted instructions to the national credit reporting agencies instructing them to delete the 9399 account from Plaintiff's file.

22. Defendant Capital One allegedly sent the instruction to delete account ending 9399 in the form of AUDs bearing control number ending 5700 and 6238 to the credit reporting agencies on July 12, 2016 and July 13, 2016 respectively.

23. Defendant Capital One allegedly sent the instruction to delete account ending 7170 in the form of an AUD bearing control number ending 5667 and 7121 to the credit reporting agencies on July 12, 2016 and July 13, 2016 respectively.

24. Despite having knowledge that they had obtained a judgment on a fraudulent account, neither Defendant M&K nor Defendant Capital One took any action to correct or vacate the erroneous judgment against Plaintiff for almost three (3) years.

25. Defendant M&K failed to fulfill Defendant Capital One's instructions as confessed by Defendant Capital One's agent, Tramayne (VGM850), in a letter to Plaintiff, the Minnesota Attorney General and the Consumer Financial Protection Bureau dated July 19, 2019.

26. In fact, it was not until Plaintiff began to complain again in 2019 that Defendants finally took steps necessary to vacate the erroneous Hennepin County judgment against Plaintiff.

27. Defendants' fraudulent judgment was finally vacated on May 15, 2019 however without prejudice even though Defendants had acknowledged that the account did not belong to Plaintiff.

28. Defendants seeking of an order to vacate the Hennepin County judgment against Plaintiff without prejudice was an abusive collection tactic and a false representation to the Court that Plaintiff could owe the debt.

29. Despite Defendant Capital One acknowledgement that Plaintiff did not open either of the accounts referenced herein as far back as July 2016, Defendant Capital One illegally obtained and used Plaintiff's credit reports without a permissible purpose on multiple occasions and specifically obtained and used Plaintiff's Trans Union credit report on: August 8, 2017, August 14, 2017, August 15, 2017 and most recently on June 4, 2019, in willful violation of 15 U.S.C. §1681b.

30. Defendant M&K violated 15 U.S.C. §1692e(2)(A), §1692c(b), §1692d and § 1692f when it allowed the Hennepin County judgment to remain against Plaintiff despite having knowledge since 2016 that it was erroneous and when finally vacating the judgment did so without prejudice even though it knew that its creditor client had already verified that it was not holding him responsible for the debt.

31. Both Defendants violated Plaintiff's common law right to be free from invasion of privacy when it caused false judgment information to be published about him by leaving the erroneous judgment in place for almost three years from July of 2016 until May 2019.

32. This conduct by Defendant was an intrusion upon his seclusion, publication of private facts which it knew to be false and false light all of which was intentional by Defendants as they had knowledge and refused to act.

33. Defendants malicious conduct resulted in credit defamation and caused serious harm to Plaintiff's credit profile, credit score and overall perception in the community.

34. The failure to timely vacate the erroneous judgment and instead waiting for almost three (3) years to take corrective conduct is an abuse of process which has caused Plaintiff damage to his credit profile and credit score in addition to emotional distress and mental anguish.

35. As a direct result of Defendants' conduct described herein Plaintiff has suffered harm to his credit profile and credit score, emotional distress in the form of anxiety, depression, loss of sleep and exacerbated his already fragile mental health.

36. Defendants had a duty to correct and repair all conduct and misinformation that it knew to be erroneous about the erroneous Hennepin County judgment and the fraudulent Capital One accounts referenced herein.

37. Defendants breached the duty to correct, repair and vacate the erroneous Hennepin County judgment and credit reporting against Plaintiff.

38. As a direct result of Defendants' breach of duty owed to Plaintiff, he suffered actual harm and damage in form of emotional distress, mental anguish, anxiety, depression, loss of sleep, adverse impact to his credit profile and credit score, out of pocket loss in form of credit denials.

## **TRIAL BY JURY**

39. Plaintiff is entitled to, and hereby demands, a trial by jury.  US Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – AGAINST DEFENDANT CAPITAL ONE

40. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41. Defendant Capital One violated 15 U.S.C. §1681b when it obtained and used Plaintiff credit reports without his permission or without a permissible purpose as Plaintiff had not applied for credit with Defendant Capital One and Plaintiff did not have an ongoing credit relationship with Defendant Capital One.

42. As a result of Defendant Capital One's violations of the FCRA, Plaintiff has suffered actual damages not limited to reduction of his credit score, credit denials, emotional distress, and mental anguish in an amount to be determined at trial.

43. Defendant Capital One's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n

44. Alternatively, Defendant Capital One's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover actual damages, statutory and punitive damages, and costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 et seq. – AGAINST DEFENDANT M&K

46. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

47. By failing to take corrective action and vacate the erroneous Hennepin County judgment entered against Plaintiff with prejudice, Defendant M&K falsely represented the character and legal status of the alleged debt and used false or deceptive means in violation of 15 U.S.C. §1692e(2)(A), §1692d and §1692f.

48. Further Defendant M&K violated 15 U.S.C. §1692c(b) when it allowed the Hennepin County judgment to remain against Plaintiff knowing that it was false information available to the public (both through public records and Plaintiff credit report) despite having knowledge since 2016 that the judgment was erroneous.

49. Defendant M&K violated 15 U.S.C. §1692d, §1692e and 1692f when finally vacating the Hennepin County judgment did so without prejudice even though it knew that its creditor client had already verified that it was not holding him responsible for the debt.

50. Defendant M&K's violations have caused Plaintiff actual damages in the form of emotional distress and mental anguish that manifested itself in anxiety, depression, loss of sleep and exacerbated his already fragile mental health.

51. As a result of Defendant M&K's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and

reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT III.

## CREDIT DEFAMATION – AGAINST DEFENDANT CAPITAL ONE

52. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

53. Defendant Capital One's misreporting to the credit reporting agencies and fraudulent judgment despite knowing that Plaintiff had not only applied for and received the credit cards from Defendant Capital One, was false and malicious communications having the tendency to, and actually did, harm Plaintiff's reputation and lower his in the estimation of the community, and, thus, constitute credit defamation.

54. As a result of Defendant Capital One's conduct, Plaintiff has suffered emotional distress, embarrassment, mental anguish, harm to his credit score and credit profile, out of pocket loss in the form of lost time in dealing with the fallout of false and erroneous credit reporting and judgments.

## COUNT IV.

## INVASION OF PRIVACY / PUBLICATION OF PRIVATE FACTS - AGAINST BOTH DEFENDANTS

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having knowledge that the two Capital One

accounts referenced herein were fraudulently opened in Plaintiff's name, Defendants' continued to allow false judgment information to be published about Plaintiff leaving the erroneous judgment in place until May 2019.

57. Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

58. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

59. Defendants intentional conduct caused Plaintiff to be held in a false light to the public, his current and potential creditors for almost three (3) years until May 2019.

60. Defendants intentional conduct caused false credit information to be publicized to the public, Plaintiff current and potential creditors for almost three (3) years until May 2019.

61. As a result of Defendants' intrusion, Plaintiff has suffered actual damages in the form of anxiety, depression, loss of sleep and exacerbated his already fragile mental health and is entitled to an award of actual damages in an amount to be determined at trial.

## COUNT V.

## ABUSE OF PROCESS - AGAINST BOTH DEFENDANTS

62. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

63. The essential elements for a cause of action for abuse of process are the existence of an ulterior purpose and the act of using the process to accomplish a result not within

the scope of the proceedings in which it was issued, whether such a result might otherwise be lawfully obtained or not. *See Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997).

64. Defendants knew that they had obtained an erroneous judgment against Plaintiff in the Hennepin County action described herein as early of 2016 but failed to take any corrective action and left the judgment sit for almost three (3) years with the ulterior motive that hopefully Plaintiff would pay the debt to Defendants.

65. Defendants made an illegal, improper, perverted use of process, a use neither warranted nor authorized by statute.

66. Defendants had an ulterior motives or purposes as described herein or else they would have taken immediate correction action in 2016 to vacate the judgment with prejudice.

67. Plaintiff suffered damages as a direct result of the Defendants conduct as described herein.

## COUNT VI.

## NEGLIGENCE - AGAINST BOTH DEFENDANTS

68. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

69. Defendants had the duty to vacate the erroneous Hennepin County judgment in 2016 when it determined that the Capital One accounts described herein were fraudulently opened in Plaintiff name.

70. Defendants breached that duty when it waited for three (3) years to correct and even when it did seek to vacate the erroneous judgment only requested the Hennepin

County Court do so "without prejudice" despite acknowledging that Plaintiff was not responsible for the debt.

71. As a result of Defendants' conduct, Plaintiff sustained, and will continue to sustain, the harm and damages as set forth above.

72. Defendants' conduct was a direct and proximate cause of, as well as a substantial factor in, bringing about the damages Plaintiff endured, as set forth above.

73. As a result, Defendants are liable to compensate Plaintiff for actual and compensatory damages, as well as for all such other relief permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- awarding actual, statutory and punitive damages, and costs and attorneys' fees for Defendant Capital One's violations of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o, in an amount to be determined at trial;
- awarding Plaintiff statutory and actual damages against the Defendant M&K for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff reasonable attorney's fees and costs against Defendant M&K;
- that judgment be entered against Defendants for actual damages, and costs, for Defendants' invasion of privacy;
- awarding actual and compensatory damages for Abuse of Process in a reasonable amount;
- awarding actual damages for Defendant Capital One's credit defamation;
- awarding an award of damages for Defendants' negligence;
- direct Defendants to take steps to amend the order to vacate the Hennepin County judgment with prejudice; and
- for such other and further relief as the Court may deem just and proper.

Dated this 7th day of August, 2019.

                                          Respectfully submitted,

                                          By: *s/Thomas J. Lyons Jr.*

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Email: tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***