## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 19-CV-02149-NEB-LIB

Kevin Pone,

                   Plaintiff,

vs.

Capital One Bank (USA), N.A.,
and Messerli & Kramer P.A.,

                   Defendants.

**MEMORANDUM OF DEFENDANT MESSERLI & KRAMER P.A. IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Messerli & Kramer P.A. ("Messerli") respectfully submits this Memorandum in support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## INTRODUCTION

In his Complaint, Kevin Pone ("Plaintiff") alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), abuse of process, invasion of privacy and publication of private facts, and a claim of negligence.[1]   Plaintiff's FDCPA claims fail as the one year statute-of-limitations has run on his FDCPA claim against Messerli, and Plaintiff specifically did not plead that his debt was for personal, family or household

---

[1] Plaintiff's FCRA claims against Defendant Capital One Bank (USA), N.A. are distinct from his claims against Defendant Messerli & Kramer P.A.

purposes. Plaintiff's state law claims fail as he has failed to state a claim upon which relief can be granted as Plaintiff fails to allege the necessary elements of his state law claims in his pleadings.

For the reasons set forth below, Plaintiff's alleged claims fail as a matter of law.

## STATEMENT OF FACTS

Capital One Bank (USA), N.A. ("Capital One") hired Messerli & Kramer, P.A. ("Messerli") for legal collections for two of Plaintiff's defaulted accounts, referred to herein as Account 7170 and Account 9399. [Ans. ¶11.] Messerli sent Plaintiff a notice that he could dispute the debts, and Plaintiff did not respond to those notices. [Ans. ¶38]. Additionally, Plaintiff did not respond to letters sent to him regarding the debt. [Ans. ¶38]. Plaintiff made numerous calls to Messerli wherein Plaintiff never informed Messerli that he believed the accounts were fraudulent; Plaintiff even entered into voluntary payment arrangements to resolve his accounts. [Ans. ¶¶39-45].

Messerli obtained judgment against Plaintiff on Account 9399 on August 22, 2013 on behalf of Capital One. [Compl. ¶ 14.] Almost three years after the judgment was entered, Plaintiff reported to Capital One that the accounts were opened as a result of fraud. [Complaint ¶17; Ans. ¶46]. Plaintiff never reported the allegation of fraud to Messerli & Kramer at any point in time. [*See* Complaint and Answer]. And, in fact, Messerli previously

613094

closed Accounts 7170 and 9399 on March 27, 2015.  [Compl. ¶ 18.]  Capital One sent a letter to Plaintiff dated July 12, 2016, "advising that the account ending in 9399 was determined to be open fraudulently."  [Complaint ¶21]. Plaintiff alleges in his complaint that Messerli violated the FDCPA when in 2016 "Capital One instructed Defendant M&K to vacate the erroneous judgment against Plaintiff" and "that request was ignored." [Complaint ¶19].

More than ***three years*** after the alleged violation and more than two years after the FDCPA statute of limitations had run, on August 7, 2019, Plaintiff filed this current action alleging multiple FDCPA and state law violations by Capital One and Messerli.  Against Messerli, Plaintiff alleges violations of the FDCPA, 15 U.S.C. § 1692 *et seq*. along with abuse of process, invasion of privacy and publication of private facts, and a claim of negligence. [*See generally* Complaint].   Plaintiff's complaint does not include an allegation that the debt at issue was for personal, family or household purposes. *Id*.

Because Plaintiff's FDCPA claims are time barred and improperly pled, this Court should dismiss his claims in their entirety.  Likewise, this Court should dismiss Plaintiff's alleged state law claims as they fail to establish the necessary elements required under the law.

613094

## LEGAL STANDARD

## I.    JUDGMENT ON THE PLEADINGS.

When deciding a motion brought under Federal Rule of Civil Procedure 12(c), the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Riley v. Cordis Corp.*, 625 F. Supp. 2d 769, 775 (D. Minn. 2009); *accord Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). If "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief," then the court should dismiss the complaint. *Montgomery v. Indep. Sch. Dist. No. 709*, 109 F. Supp. 2d 1081, 1086 (D. Minn. 2000) (quoting *St. Paul Ramsey Cnty. Med. Ctr. v. Pennington Cnty.*, 857 F.2d 1185, 1187 (8th Cir. 1988)); *see also Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) ("Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.")

"When considering a motion for judgment on the pleadings . . . the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted.)

613094

On a Rule 12(c) motion, the court may consider the pleadings including the complaint, the answer and **any** exhibits. *Amisi v. Melick*, No. CIV 15-4083, 2017 U.S. Dist. LEXIS 71456, at *26 (D.S.D. May 8, 2017); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909 (8th Cir. 2002); *Blazek v. United States Cellular Corp.*, 937 F. Supp. 2d 1003, 1016 (N.D. Iowa 2011); citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (In deciding a motion for judgment on the pleadings, the court may consider affidavits, letters, contracts, documentation and other materials attached to the complaint or answer.)

## I.      PLAINTIFF'S FDCPA CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Plaintiff's alleged claims against Messerli should be dismissed because all of his claims fall outside of the one year statute-of-limitations applicable to FDCPA actions.  According to Plaintiff's complaint, the alleged injury and violation occurred the date that Capital One determined the account to be fraudulent and on that same date Messerli failed to vacate the judgment (July 12, 2016.)  [Complaint ¶21].   Thus, the alleged violation would have occurred or the statute-of-limitations clock would have started to run on July 12, 2016 when Capital One sent a letter that it determined the account to have been fraudulently opened.  *Id*.  According to Plaintiff's own allegations, the violation would have "occurred," in 2016.  The statute of limitations

would have started to run when, as Plaintiff alleges, Capital One instructed

Messerli to vacate the judgment and the "request was ignored" [Complaint

¶19]. Thus, the statute-of-limitations on Plaintiff's claim expired in July of

2017. Plaintiff's claims are time-barred as they are brought outside the one-

year statute of limitations allowed for under the FDCPA.

The FDCPA imposes a statute-of-limitations on actions of one year

from the date of the violation. 15 U.S.C. § 1692k(d). Any action must be

brought "within one year from the date on which the violation occurs." (*Id.*)

The statute begins to run "upon injury … and is not tolled by subsequent

injuries." *Limestone Development Corp. v. Village of Lemont, Illinois*, 520

F.3d 797, 801 (7th Cir. 2008); *see also Gajewski v. Ocwen Loan Servicing*, 650

F. Appx. 283, 286 (7th Cir. 2016). "A period of limitations begins to run upon

the violation of a legal right, that is, when the aggrieved party has the right

to institute and maintain suit." *Estate of Petersen v. Boland*, No. 8:16CV183,

2016 U.S. Dist. LEXIS 144809, at *20 (D. Neb. Oct. 19, 2016). The

limitations period begins to run on the date that the violation "occurs" rather

than on the date that the violation is discovered. This is made clear by the

statutory language that the Congress used in passing the FDCPA wherein

the Congress clearly stated that suit must be brought from one year in which

the violation "occurs", not when the matter is discovered. *See Butler v. J.R.S-*

*I, Inc.,* No. 15 C 6059, 2016 U.S. Dist. LEXIS 45256, 2016 WL 1298780, at *4

613094

(N.D. Ill. Apr. 4, 2016), and *Rotkiske v. Klemm*, No. CV 15-3638, 2016 U.S. Dist. LEXIS 32908, 2016 WL 1021140, at *3 (E.D. Pa. Mar. 15, 2016).  *See also Dakowa v. MSW Capital, LLC*, No. 16-2753 ADM/FLN, 2017 U.S. Dist. LEXIS 23211, at *7 (D. Minn. Feb. 17, 2017) ("Courts in this district have dismissed FDCPA suits when the plaintiff first learned of the alleged violation outside of the limitations period, even though new communications concerning the unlawful act were made within the limitations period.")

The FDCPA's statute of limitations is jurisdictional and cannot be equitably tolled.  *Ness v. Gurstel Chargo, P.A.,* 933 F. Supp. 2d 1156, 1165 (D. Minn. 2013).  Plaintiff may attempt to argue that the statute of limitations would not have run until while the judgment remained.  However, Plaintiff cannot claim a continuing violation as long as the judgment remained unchanged as courts have squarely rejected the continuing violation theory in application to FDPCA claims.  *See Kirscher*, 2006 U.S. Dist. LEXIS 3346, at *11 (noting that "case law addressing the issue indicates that a continuing violation theory is not available under the FDCPA"); *see also Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) (rejecting continuing violation theory).  Accordingly, Plaintiff cannot now contend that "continuing violations" reset the statute of limitations.  Thus, Pone cannot claim now that Messerli's failure to vacate the 2013 judgment renews the statute of limitations.

613094

This application of FDCPA case law was made clear in by the Court in *Ness v. Gurstel Chargo, P.A.*, 933 F. Supp. 2d 1156, 1165 (D. Minn. 2013) which rejected a consumer's continuing violation claim. In *Ness,* the consumer brought an action against a collection law firm for violations in obtaining a default judgment against her. The Defendant argued that the statute of limitations should only begin from the time the default judgment was vacated, the Court disagreed:

> "Attempting to keep her FDCPA claim alive, Ness makes a "continuing injury" argument, by which the Court is not persuaded. Ness suggests that because she was injured until the default judgment against her was vacated in April 2011—and because she is being injured to this day… the FDCPA's statute of limitations has not yet been triggered. But Ness's argument finds no support in the law. The purpose of the FDCPA was to "regulat[e] the conduct of debt collectors," *Mattson,* 967 F.2d at 261, so the focus of the statute-of-limitations analysis is on when the debt collector's allegedly violative *conduct* occurred, not on when a plaintiff's *injury* has been alleviated." *Id.* at 1165.

The Court went on to hold that the "violative conduct" occurred on the date the default judgment was entered and thus statute of limitations should be calculated from that date and dismissed the action as it was filed outside the one year statute of limitations window. Likewise, this Court should dismiss Plaintiff's claim against Messerli with prejudice as the statute of limitations ran one year from the date of the alleged violation, which would be July 12, 2016; the date on which Plaintiff received the letter from Capital One and contends that Messerli failed to vacate the judgment in this matter.

8

## II.      PLAINTIFF'S FDCPA CLAIMS SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO STATE A CLAIM.

Plaintiff's alleged FDCPA violation should be dismissed by this Court as he has failed to claim that the debt arises from a personal family or household obligation.  *Holman v. W. Valley Collection Servs.*, 60 F. Supp. 2d 935, 936 (D. Minn. 1999).  To state a claim under the FDPCA, Plaintiff must allege that: "(1) [he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).  The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily *for personal, family, or household purposes*." 15 U.S.C. § 1692a(5).  Thus, in order to state a claim under the FDCPA, a plaintiff  must allege first and foremost that the debt in question arises out of a transaction incurred for personal, family, or household purposes.  Here, Plaintiff has failed to properly plead in his complaint that the debt in question arose out of personal, family or household purposes and thus the Court should dismiss his complaint.  *See Evenson v. Palisades Collection, LLC,* No. 2:13-cv-1226, 2015 U.S. Dist. LEXIS 70516, at *7 (S.D. Ohio June 1,

9

2015) ("This court has held that the lack of allegations in a complaint that the debt in question arose out of a transaction which was primarily for personal, family or household purposes was fatal to the plaintiffs' FDCPA claim").

Presumably, Plaintiff cannot allege any knowledge about the accounts, inconsistent with his newfound allegations regarding fraud.  However, Plaintiff must still plead sufficient facts necessary that the debt arose out of personal, family or household purposes even in cases where identity theft and fraud are being claimed.  "Courts have held that the plaintiff bears the burden of proving this element of the FDCPA claim even in cases of identity theft." *Evenson* at *8; *see also Horton v. Trans Union, LLC*, No. 12-2072, 2015 U.S. Dist. LEXIS 29564, at *20 (E.D. Pa. Mar. 9, 2015) ("Notwithstanding any allegations of—or even the existence of—identity theft, Plaintiff must show that the Accounts at issue involved a consumer debt in order to succeed on her FDCPA claim."); *Toroussian v. Asset Acceptance, LLC*, No. CV 12-03519 DDP (AGRx), 2013 U.S. Dist. LEXIS 145007, 2013 WL 5524831 at *6 (C.D.Cal. Oct. 4, 2013)(granting summary judgment on FDCPA claim where victim of identity theft did not produce evidence concerning the nature of the charges made with the credit card opened in her name); *Anderson v. AFNI, Inc.,* NO. 10-4064, 2011 U.S. Dist. LEXIS 51368, 2011 WL 1808779 at *1, 12-14 (E.D. Pa. May 11,

613094

2011)(granting summary judgment on FDCPA claim where plaintiff was victim of identity theft and could not show that the delinquent fraudulent Verizon phone accounts constituted consumer debts); *Martin v. Allied Interstate, LLC,* 192 F. Supp. 3d 1296, 1306-07 (S.D. Fla. 2016) ("The Court recognizes that under this approach a victim of identity theft or mistaken identity may still be unable to meet the evidentiary burden; the Court, however, cannot act as the legislature. This approach is … consistent with the plain meaning of the FDCPA.").

This pleading requirement in the face of a fraud claim was recently recognized by the Seventh Circuit Court of Appeals in *Burton v. Kohn Law Firm., S.C.,* 934 F.3d 572 (7th Cir. 2019).  In *Burton*, the consumer alleged violations of the FDCPA but had previously claimed identity theft in his state court case.  *Id.* at 576.  The district court and the Seventh Circuit Court of Appeals held that the consumer could not proceed on his FDCPA claims because he failed to present sufficient proof that debt incurred was for personal, household or family purposes.  The Court stated the FDCPA was enacted, "to protect personal borrowers from abusive debt collection practices. It follows that, to state a claim under either statute, a plaintiff, who has the burden of proof on each element of the cause of action, must demonstrate that the debt in question arises out of a transaction incurred for personal, family, or household purposes." *Id.*

613094

As Plaintiff has failed to allege and is unable to allege that the debt in question was incurred for personal, family or household purposes, this Court should dismiss Plaintiff's claims.

### III.   PLAINTIFF'S STATE LAW CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED.

As Plaintiff's FDCPA claims fail as they are outside the statute of limitations and fail to state a claim upon which relief can be granted, so to should the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  "When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually 'will point toward declining to exercise jurisdiction over the remaining state law claims.'" *In re Canadian Import Antitrust Litigation*, 470 F.3d 785, 792 (8th Cir. 2006).

Alternatively, this Court should dismiss Plaintiff's state law claims for invasion of privacy/publication of private facts, abuse of process and negligence claims.  Plaintiff fails to state a claim upon which relief can be granted, and thus the Court should dismiss all of Plaintiff's state law claims. In support of this argument, Messerli adopts, concurs and incorporates by reference Section 3 of Capital One's Brief in Support of its Motion to Dismiss. Plaintiff further argues that the state law claims should be dismissed as they relate to Messerli.

613094

## A. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR INVASION OF PRIVACY/ PUBLICATION OF PRIVATE FACTS.

As stated in Capital One's Brief in Support of its motion to dismiss, in order to sustain an action for invasion of privacy or publication of private facts, Plaintiff must plead that Messerli 1) publicized a matter concerning Plaintiff's private life; 2) the matter publicized must be of a kind that would be highly offensive to a reasonable person, and 3) is not of legitimate concern to the public. *Bodah v. Lakeville Motor Express, Inc.,* 663 N.W.2d 550, 553 (Minn. 2003). Publicity means that "the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." (*Id.* at 557, *citing* Restatement (Second) of Torts § 652D cmt.a.) Plaintiff fails to plead the basic element of publicity. Plaintiff admits in his complaint that Messerli did not report the judgment, and in fact alleges that the publicity of the judgment was done by a third-party public records vendor. [Complaint ¶ 15]. Even if Messerli was found to have "filed" a publicly available judgment against the Plaintiff, Messerli's intent was not to file false information; rather, Messerli was also a victim of fraud as Plaintiff never indicated to Messerli that he believed Accounts 7170 and 9399 to be fraudulent. Furthermore, Plaintiff's Memorandum in opposition to Capital One's Motion to Dismiss points out that Capital One was the only party with

13

the authority to effectuate removal of the judgment.  Therefore, this Court
must dismiss Plaintiff's claim for invasion of privacy.

### B. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR ABUSE OF PROCESS.

Plaintiff's cause of action for abuse of process should be dismissed as
Messerli had probable cause and a reasonable belief that it would be able to
obtain judgment against Kevin Pone as he did not allege fraud on his account
until years after the judgment was entered.  *Nutter v. Messerli & Kramer*,
P.A., 500 F. Supp. 2d 1219, 1224 (D. Minn. 2007).  To state a claim for
malicious prosecution a plaintiff must show that the suit was: (1) brought
without probable cause or a reasonable belief that the plaintiff could prevail;
(2) brought with malicious intent . *Kellar v. VonHoltum,* 568 N.W.2d 186, 192
(Minn Ct. App. 1997). "The plaintiff must prove both malice and want of
probable cause" to succeed. *Virtue v. Creamery Package Mfg. Co.,* 123 Minn.
17, 142 N.W. 930, 936 (Minn. 1913); *see also Stead-Bowers v. Langley,* 636
N.W.2d 334, 338 (Minn. Ct. App. 2001).  To prove abuse of process the
plaintiff must show that there was an ulterior purpose and that the
defendant used the process to achieve something not within the scope of the
proceedings. *Kellar,* 568 N.W.2d at 192 (citing *Hoppe v. Klapperich,* 224
Minn. 224, 28 N.W.2d 780, 786 (1947)).

In his complaint, Plaintiff admits that Messerli had probable cause or reasonable belief that it would prevail in the state court action. Plaintiff's complaint also admits that Capital One did not know the account was fraudulent until after the judgment was entered (Complaint ¶17); and Plaintiff never alleges that he told Messerli that the accounts were fraudulent (*See* Complaint). Thus, Messerli did not obtain the judgment with an ulterior purpose nor to achieve something not within the scope of the proceedings.

As further evidence of the weakness of Plaintiff's abuse of process claim, Plaintiff has now abandoned his abuse of process claim against Capital One. It is highly unusual that Plaintiff would drop his abuse of process claim against the party but not the attorney representing the party (Messerli.) Given that Messerli only knew what its client knew, an abuse of process claim against Messerli cannot proceed if Plaintiff agrees that Messerli's client did not abuse process. As Plaintiff has failed to state a cause of action for abuse of process, this Court should dismiss his claims.

## C. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR NEGLIGENCE.

This Court should also dismiss Plaintiff's state law claim for negligence as Plaintiff has not sufficiently pled that Messerli owed him any duty. In order to plead a claim for negligence, the Plaintiff must prove 1) the existence

613094

of a duty of care; 2) breach of that duty; 3) injury; and 4) breach of the duty was the proximate cause of the injury. *See Elder v. Allstate Ins. Co.*, 341 F. Supp. 2d 1095, 1099 (D. Minn. 2004).

Courts have frequently held that attorneys do not owe a duty of care to non-clients. *L & H Airco, Inc. v. Rapistan Corp.,* 446 N.W.2d 372, 378 (Minn. 1989); *Marker v. Greenberg,* 313 N.W.2d 4, 5 (Minn. 1981). "If an attorney were to owe a duty to a non-client, it could result in potential ethical conflicts for the attorney and compromise the attorney-client relationship, with its attendant duties of confidentiality, loyalty, and care. *McIntosh Cty. Bank v. Dorsey & Whitney, LLP,* 745 N.W.2d 538, 545 (Minn. 2008).

Additionally, the FDCPA framework does not create a duty of care under negligence principles.  However, "the FDCPA was not enacted for the public's safety;" rather, "it is a federal remedial statute which is not based on any traditional tort law principles."  [The FDCPA] does not impose an independent duty of care on debt collectors, nor does it 'provide a basis for tort liability grounded in negligence.' *Collins v. Diversified Consultants, Inc.,* Civil Action No. 15-cv-02115-RBJ-NYW, 2017 U.S. Dist. LEXIS 35487, at *78-79 (D. Colo. Feb. 1, 2017*); quoting  Alleyne v. Midland Mortg. Co.*, Civil Action No. 05-cv-02412-PSF-PAC, 2006 U.S. Dist. LEXIS 102545 (D. Colo. June 19, 2006), at *13.

16

As a matter of law, Messerli does not owe a duty of care to its non-client Plaintiff.  Thus, this court should dismiss Plaintiff's state law claim for negligence.

## CONCLUSION

Plaintiff's claims are time barred under 15 U.S.C. § 1692k(d). Additionally, Plaintiff's claims fail to state cognizable claim to relief under the FDCPA and Plaintiff has also failed to state a cognizable claim for relief under any state law claim.  Messerli therefore respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**MESSERLI & KRAMER, P.A.**

Dated: October 24, 2019.

By: s/ Katie D. Figgins
Katie D. Figgins, #399035
Stephanie S. Lamphere, #396794
Derrick N. Weber, #241623
3033 Campus Drive, Suite 250
Plymouth, MN 55441
dweber@messerlikramer.com
kfiggins@messerlikramer.com
slamphere@messerlikramer.com
Telephone: (763) 548-7900
Facsimile: (763) 548-7922
**ATTORNEYS FOR MESSERLI & KRAMER P.A.**

17