UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN PONE, | Case No. 19-CV-2149 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ON MOTION TO DISMISS, MOTION FOR JUDGMENT ON THE PLEADINGS, AND MOTION TO AMEND THE COMPLAINT |
| MESSERLI & KRAMER P.A. and CAPITAL ONE BANK USA, N.A., | |
| Defendants. | |

Plaintiff Kevin Pone had an account with Capital One Bank USA, N.A. ("Capital One") that was later determined to be the result of identity theft. After Defendants Capital One and Messerli & Kramer P.A. ("Messerli") attempted to collect on the account, Pone sued Capital One and Messerli for violations of state and federal law. Messerli has moved for judgment on the pleadings, Capital One has moved to dismiss Pone's complaint, and Pone seeks leave to file an amended complaint. For the reasons that follow, the Court denies Capital One's motion as moot, grants in part and denies in part Pone's motion for leave to amend, and grants in part Messerli's motion for judgment on the pleadings.

BACKGROUND

The Court draws the following background from Pone's proposed amended complaint, accepting as true all factual allegations and construing all reasonable

inferences in Pone's favor. *See Boitnott v. Border Foods, Inc.*, 361 F. Supp. 3d 858, 868 (D. Minn. 2019).

Pone resides in Minnesota. (ECF No. 29-1 (the "PAC") ¶.) He suffers from various mental illnesses, including anxiety, bi-polar disorder, and depression. (*Id*. ¶ 7.) In 2011, someone unknown to Pone opened two credit card accounts with Capital One in his name (the "Accounts"). (*See id*. ¶¶ 8, 13.) Pone was thus the victim of identity theft.

Debts incurred in connection with the Accounts were put into collection. In 2012, Capital One hired Messerli, a law firm specializing in consumer debt collection, to collect on the Accounts. (*Id*. ¶¶ 11, 17.) On August 22, 2013, Defendants obtained a $6,923.68 default judgment against Pone in Minnesota state court in connection with the debt owed on one of the Accounts ("Account x9399"). (*Id*. ¶ 26.) Public records vendors notified the national credit reporting agencies—that is, Trans Union, Experian, and Equifax (together, the "CRAs")—of the existence of the default judgment against Pone. (*Id*. ¶ 27.) The CRAs began listing information about the August 2013 default judgment against Pone on his credit reports. (*Id.*) At the same time, Capital One also reported the Accounts tradelines to the CRAs as charged-off debts. (*Id*. ¶ 28.) As one might expect, all this information on Pone's credit report negatively impacted his credit profile and credit score. (*Id.*) Messerli closed its administrative files concerning the Accounts in March 2015. (*Id*. ¶ 31.)

Then in 2016, Capital One wrote to Pone, informing him that it had determined Account x9399 was fraudulent and that it had instructed the CRAs to delete the Account

from Pone's credit file. (PAC ¶ 33, Ex. 3.) Indeed, in July 2016 Capital One sent instructions to remove references to both Accounts from Pone's credit history. (*Id.* ¶¶ 34–35.) It also requested that Messerli vacate the August 2013 default judgment against Pone as early as 2016. (*Id.* ¶ 32.) Messerli did not do so. (*Id.*)

It was not until May 2019 that Messerli sought to vacate the August 2013 judgment against Pone. (*Id.* ¶ 42.) In its motion to vacate filed in Minnesota state court, Messerli requested that "the matter [be] dismissed without prejudice" because Pone was "experiencing a hardship"—not because the account was fraudulent. (PAC ¶¶ 42–43, Ex. 5.) The Minnesota state court vacated the judgment without prejudice. (PAC ¶ 46.) Around that time, Capital One also requested that the CRAs remove any reference to Account x9399 from Pone's credit file. (*Id.* ¶ 38.)

Pone alleges that the default judgment and the charged-off debts reported to the CRAs caused serious harm to Pone's credit profile and credit score, and that he suffered distress and was denied credit. (*Id.* ¶¶ 56, 57, 60.)

On August 8, 2019, Pone filed suit against Messerli and Capital One in federal court, asserting the existence of federal question jurisdiction. (*See generally* ECF No. 1.) His complaint pleaded six causes of action, two of which arise under federal law. In particular, the complaint asserts that Capital One violated the Fair Credit Reporting Act,

15 U.S.C. § 1681, *et seq.* (the "FCRA") and that Messerli violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").[1] (ECF No. 1 at 8–10; PAC at 11–13.)

Messerli answered the complaint on September 3, 2019. (ECF No. 11.) On September 20, 2019, Capital One moved to dismiss Pone's complaint. (ECF No. 12.) On October 24, 2019, Messerli moved for judgment on the pleadings. (ECF No. 19.) On November 21, 2019, Pone moved for leave to amend his complaint. (ECF No. 29.) The Court held oral argument on all three motions together.

## ANALYSIS

### I.     Capital One's Motion to Dismiss

As a threshold matter, a motion seeking leave to amend may moot a motion to dismiss. *Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009). This principle exists because the amended complaint would supersede the complaint addressed by the earlier-filed Rule 12 motion. *Bishop v. Abbott Labs.*, No. 19-CV-420 (NEB/ECW), 2019 WL 6975449, at *3 (D. Minn. Dec. 20, 2019). But a district court may, in its discretion, treat the motion to dismiss the original complaint as a motion to dismiss

---

[1] The original complaint also alleged claims of credit defamation against Capital One, and invasion of privacy/publication of private facts, abuse of process, and negligence against both Defendants. (ECF No. 1 at 10–13.) Pone subsequently abandoned his abuse of process claim. (ECF No. 17 at 2 n.1; ECF No. 34 at 2 n.1.) The PAC includes the remaining state law claims and adds a claim of Minnesota Statutes §§ 481.07 and 481.071 violations against Messerli. (PAC at 13–17.)

the amended complaint. *Id.* (citing *Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 803–04 (8th Cir. 2013).)

Capital One indicated at oral argument that if this Court were to grant Pone leave to file the PAC, then it would file a motion to dismiss the amended complaint. But unlike Messerli, Capital One did not formally oppose Pone's request for leave to amend his complaint or argue that amendment would be futile. Further, the PAC includes additional factual allegations expanding on the conduct by Capital One that Pone believes caused him injury. It is not clear to this Court that the arguments made in connection with Capital One's motion seeking dismissal of the original complaint apply with equal force to the PAC. Accordingly, the Court denies Capital One's motion to dismiss as moot given Pone's motion for leave to amend the complaint.

## II.     Pone's Motion to Amend the Complaint

Rule 15(a) of the Federal Rules of Civil Procedure provides that, if a party is out of time to amend as of right, then it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It further states that "[t]he court should freely give leave when justice so requires." *Id.* Circumstances that warrant denying leave to amend include "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). A claim is futile

if it would be dismissed under Rule 12(b)(6) for failure to state a claim. *Doe v. Dardanelle Sch. Dist.*, 928 F.3d 722, 727 (8th Cir. 2019).

There is no indication that Pone seeks to amend his complaint out of bad faith or dilatory motive. Nor does it appear to the Court that he unduly delayed seeking leave to amend, as he filed his proposed amendments concurrently with his opposition to Messerli's motion for judgment on the pleadings. And because this is the first time Pone has sought to amend his complaint and there has been no discovery, there is no undue prejudice to Defendants and no record of failing to cure deficiencies in prior amendments.

Messerli argues that certain proposed amendments should be denied as futile. In particular, it argues that the Court should not accept various allegations in the PAC added to buttress Pone's FDCPA claim, which it maintains is time-barred. It also contends that the Court should deny Pone's request to add certain Minnesota statutory claims because those statutes do not provide substantive causes of action and must accompany a fraud claim.

The Court agrees that amending Pone's complaint to buttress his FDCPA claim would be futile because that claim is time-barred. A claim under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). As the Supreme Court recently explained, the discovery rule does not apply in FDCPA cases. *Rotkiske v. Klemm*, 140 S. Ct. 355, 360–61 (2019). In so doing, the Court

emphasized that the text of the FDCPA "unambiguously sets the date of the violation as the event that starts the one-year limitations period." *Id.* at 360.

At bottom, the PAC pleads that Messerli violated the FDCPA when it failed to vacate the August 2013 default judgment after Capital One instructed it to do so in 2016. A jury may find such conduct abusive within the meaning of the FDCPA. *See Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1095 (E.D. Cal. 2013) (denying defendant's motion to dismiss FDCPA claim in its entirety because a jury could find that failing to vacate a default judgment against the plaintiff after being informed that the underlying debt concerned his brother was abusive conduct under the FDCPA). But the Court agrees with Messerli that any claim arising out of Messerli's failure is time-barred because the one-year limitations period began running long before Pone filed suit in August 2019.

The PAC adds allegations that Capital One annually instructed Messerli to vacate the judgment from 2016 through 2019, and that Messerli's decision to ignore those instructions were "continuing and separate actions . . . constituting new violations at every stage and each year between 2016 and 2019." (PAC ¶ 51; *see id*. ¶ 32.) But these proposed amendments do not render Pone's FDCPA claim timely; simply allowing the 2013 default judgment to stand does not toll the FDCPA limitations period. *See, e.g.*, *Ness v. Gurstel Chargo, P.A.*, 933 F. Supp. 2d 1156, 1165 (D. Minn. 2013) (concluding that because the focus of the FDCPA "statute-of-limitations analysis is on when the debt collector's allegedly violative *conduct* occurred, and not when a plaintiff's *injury* had been

alleviated," her "continuing injury" argument failed and her claim was time-barred) (emphasis in original). Moreover, "new communications concerning an old claim do not start a new period of limitations" under the FDCPA. *Fraenkel v. Messerli & Kramer, P.A.*, No. 04-CV-1072 (JRT/FLN), 2004 WL 1765309, at *4 (D. Minn. July 29, 2004) (finding plaintiffs' FDCPA claim was barred by the statute of limitations where defendants' complaint seeking payment of a debt "repeated the same information" alleged in earlier demand letters) (citations and alterations omitted).

The PAC also alleges that Messerli violated the FDCPA by vacating the 2013 default judgment in May 2019 without prejudice and filing a declaration in connection with that request stating that Pone was experiencing hardship, which was not the true reason for the motion to vacate. (PAC ¶¶ 71–72.) It claims that, in so doing, Messerli violated 15 U.S.C. § 1692d (prohibiting harassment or abuse); § 1692e (prohibiting false or misleading representations); and § 1692f (prohibiting unfair practices). *See generally Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012) ("[C]ircuit courts have struggled to define the extent to which a debt collection lawyer's representations to the consumer's attorney or in court filings during the course of debt collection litigation can violate §§ 1692d–f."). The Court is troubled by the claim that Messerli, after ignoring client instructions to vacate a default judgment entered against the victim of identity theft, sought and successfully obtained dismissal without prejudice where dismissal with prejudice would have been proper. But such conduct does not violate the FDCPA. The

provisions cited in the PAC prohibit "conduct the natural consequence of which is to harass, oppress, or abuse any person *in connection with the collection of a debt*," 15 U.S.C. § 1692d, "false, deceptive, or misleading representation or means *in connection with the collection of any debt*," 15 U.S.C. § 1692e, and "unfair or unconscionable means *to collect or attempt to collect any debt*," 15 U.S.C. § 1692f. (Emphasis added.) That is, the alleged actionable misrepresentation must pertain to some underlying consumer debt. *See Grigoriou v. First Resolution Inv. Corp.*, No. 13-CV-6008 CJS, 2014 WL 1270047, at *7 (W.D.N.Y. Mar. 26, 2014) (rejecting allegations that falsely informing the court of the parties' discontinuation of a lawsuit as violating section 1692e in part because the misrepresentation "did not pertain directly to the debt or give Defendants any unfair advantage regarding the debt, and had no material affect on Plaintiff's rights under the FDCPA"). There is no allegation that anything Messerli did in May 2016 had to do with collecting on a debt from Pone. Rather, Messerli's alleged misstatements were made in connection with its successful attempt to vacate the default judgment entered against him. In sum, because the Court concludes that on the face of the PAC Pone's FDCPA claim is untimely, it denies as futile the amendments Pone proposes to buttress his FDCPA claim against Messerli.[2]

---

[2] Messerli also argues that amending the complaint to add allegations about its statements to the Minnesota state court would be futile because such statements are not actionable under the FDCPA. As noted above, the Court agrees that such allegations are insufficient to plead a timely FDCPA violation. But Pone believes these statements also relate to his common law negligence cause of action. (PAC ¶ 87.) For the reasons described below, the

The Court also agrees that amending the complaint to add claims against Messerli under Minnesota Statutes §§ 481.07 and 481.071 would be futile. These statutes aim to deter the "type of fraud [that] damages the integrity of the judicial system and weakens the faith of the citizenry in the third branch of the government." *Baker v. Ploetz*, 616 N.W.2d 263, 272 (Minn. 2000). But they "merely provide the penalty for a successful cause of action with respect to the offending attorney conduct." *Beardmore v. Am. Summit Fin. Holdings, LLC*, No. 01-CV-948 (DWF/SRN), 2001 WL 1586785, at *8 (D. Minn. Dec. 10, 2001). Because these statutes do not provide substantive causes of action, they must accompany a fraud claim that is pleaded in compliance with Rule 9(b) of the Federal Rules of Civil Procedure. *See id.* Thus, courts will dismiss claims asserted under these statutes where the complaint contains no claim for fraud that complies with the heightened pleading requirements for fraud. *See, e.g.*, *Forseth v. Bank of America, N.A.*, 13-CV-38 (SRN/TNL), 2013 WL 2297036, at *7 (D. Minn. May 24, 2013) (dismissing claim under Minn. Stat. § 481.07 because there was no fraud claim in the complaint). Because the PAC does not contain a fraud claim pleaded in compliance with Rule 9(b), its section 481.07 and 481.071 claims would not survive a motion to dismiss. The Court concludes that amending the complaint to include these claims would be futile.

---

Court does not reach the merits of Pone's state law causes of action. Accordingly, adding these allegations to support the state law causes of action is permissible.

Besides the specific claims the Court finds futile, the Court finds the requirements of Rule 15(a)(2) to be satisfied for the remaining allegations and causes of action. Accordingly, it grants in part and denies in part Pone's motion for leave to amend the complaint.

### III. Messerli's Motion for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings is generally assessed under the same standards as a Rule 12(b)(6) motion. *See In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018).

Messerli, unlike Capital One, argued that some of the Rule 12 arguments it made seeking dismissal of Pone's original complaint applied with equal force to the PAC. Among other things, it argued that Pone's FDCPA claim is time-barred and that he fails to state a claim for Minnesota common law negligence because Messerli did not owe him a duty of care.

For the reasons discussed above, the Court agrees that FDCPA claim is time-barred and therefore subject to dismissal. But the Court does not believe it is proper to entertain the arguments Messerli raises as to the state law causes of action asserted against it because Capital One has indicated that if the Court were to grant Pone leave to amend—which it does, in part—then Capital One would file a new Rule 12 motion seeking dismissal of the claims asserted against it. Among those claims is the only other

claim arising under federal law in this case—the FCRA claim that Pone asserts against Capital One.

If the Court concludes that dismissal of the FCRA claim is proper, then it must consider whether it should exercise supplemental jurisdiction over the state law claims Pone asserts against Messerli and Capital One. Courts may decline to exercise supplemental jurisdiction over claims that remain after the dismissal of all claims over which they have original jurisdiction. 28 U.S.C. § 1367(c)(3). But the decision to exercise jurisdiction over state law claims after dismissing every claim over which the district court had original jurisdiction is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The Court will hold in abeyance its decision as to whether it should exercise pendent jurisdiction over Pone's state law claims, and thus will hold in abeyance its decision on Messerli's motion seeking dismissal of the state law claims asserted against it pending resolution of Capital One's anticipated motion to dismiss. An appropriate Order will enter.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Capital One Bank, N.A.'s motion to dismiss (ECF No. 12) is DENIED AS MOOT;

2. Plaintiff Pone's motion to amend the complaint (ECF No. 29) is GRANTED IN PART AND DENIED IN PART as consistent with this ORDER;

3.  Plaintiff Pone must file an amended Complaint in compliance with the terms of this Order by **June 1, 2020**;

4.  Capital One Bank, N.A. must Answer or otherwise respond to the amended Complaint by **July 1, 2020**;

5.  Messerli & Kramer, P.A.'s motion for judgment on the pleadings (ECF No. 19) is GRANTED IN PART AND HELD IN ABEYANCE IN PART;

6.  Count II against Messerli is DISMISSED WITH PREJUDICE; and

7.  The Court's determination of supplemental jurisdiction over Pone's state law claims is HELD IN ABEYANCE.

Dated: May 7, 2020                    BY THE COURT:

                                      s/Nancy E. Brasel
                                      Nancy E. Brasel
                                      United States District Judge